FILED BY _____

JUL 1 1 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RODNEY KEATON,

              Plaintiff,

v.

MIAMI-DADE COUNTY DIRECTOR/POLICE
CHIEF JUAN J. PEREZ, MAYOR CARLOS A.
GIMENEZ, OFFICER R. MUINA #41776, &
SERGEANT PASTOR #28581 [FNU],

              Defendants.

_____/

CASE NO. 16021274

To be supplied by the Court

**JURY DEMAND**

## CIVIL RIGHTS COMPLAINT FOR DAMAGES

COMES NOW the plaintiff, Rodney Keaton, who is proceeding in this cause without the representation of counsel, in **pro se**, pursuant to 42 U.S.C. § 1983 of the Civil Rights Act, and respectfully invokes the rule established in *Haines v. Kerner*, 404 U.S. 519 (1972) (holding pro se litigants to "less stringent standards than those applied to attorneys"), and submit the following Memorandum of Law in Support of his complaint.

This is an action being filed under 42 US.C. § 1983 of the Civil Rights Act ("the Act"), alleging violations of plaintiff's rights to be free un from lawful

**SCANNED**

deprivation of his liberty in violation of the Florida and Federal Due Process Clauses, Art. 1, §§ 9, 12, and U.S. Const. Amend. 4, 5 and/or 14, § 1, respectively, seeking monetary damages, injunctive relief, and declaratory judgment, in addition to a **trial by jury**.  That is, the Plaintiff sues Miami Dade County defendants for (1) false arrest/detention, (2) false imprisonment, (3) unlawful search and seizure, (4) racial profiling, and (5) defamation of character, (6) intentional infliction of emotional and psychological distress, (7) malicious prosecution, (8) compensatory and punitive damages, and (9) loss wages, all in violation of the Florida and United States (Federal) Constitutions' prohibitions, as well as violating State Torts Law, infra.

## JURISDICTION

The jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343 and (3), and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. Section 1367.5 as this is a Civil Rights Complaint for Damages under 42 U.S.C. § 1983.  Venue is proper in this district because it is where the events complained of occurred.

## PARTIES INVOLVED

1.  Plaintiff, Rodney Keaton, is currently residing at 2065 N.W. 4th Court, Miami, Florida, 33127.

2.  Defendant, Juan J. Perez, is the Director/Chief of Police of Miami-Dade

County, Florida, and was responsible for the actions of his agents, their training and management at all times relevant to this claim including, but not limited to, protecting the rights of the citizens. The Director is being sued in his individual and official capacities for violation of the plaintiff's civil, statutory, and constitutional rights; and his location or place of business address is Office of the Director, 9105 N.W. 25th Street, Room 3072, Doral, Florida, 33172.

3. Defendant, Carlos A. Gimenez, is the Mayor and highest ranking elected official in charge of Defendant Perez *and* his agent defendants, and his location or place of business address is Office of the Mayor, 111 NW 1st Street, 29th Floor, Miami, Florida, 33128. He is being sued in his individual and official capacities for violations of plaintiff's civil, statutory, and constitutional rights and failure to properly oversee that his agents were properly trained in their duties and responsibilities regarding the rights of citizens. This complaint is for (1) false arrest, (2) false imprisonment, (3) malicious prosecution, (4) intentional infliction of emotional and psychological distress, (5) defamation of character, (6) loss wages, (7) compensatory damages, (8) racial profiling, and (9) punitive damages, *against all defendants*.

4. Defendant, R. Muina # 41776, was one of the arresting officers and caused

plaintiff's injury and harm by arresting him based upon hearsay and insufficient evidence and a lack of probable cause all in violation of plaintiff's protected rights against false arrest and false imprisonment, false reports, and defamation of character. His location or business address is 9105 NW 25th Street, Doral, Florida, 33172. He is being sued in his individual and official capacities for violations of plaintiff's civil, statutory and constitutional rights.

5. Defendant, Sergeant Pastor #28581 [FNU], was one of the arresting officers and caused plaintiff's injury based upon his false report, false arrest, false imprisonment and defamation of character all in violation of plaintiff's civil, statutory, and constitutional rights. His location or business address is 9105 NW 25th Street, Doral, Florida, 33172, and he is being sued in his individual and official capacities.

6. All defendants acted under the "color of state law" during all times relevant to this matter.

## FACTS

7. In the early morning hours, approximately 12 midnight, while outside the residence of an acquaintance enjoying the company of friends and relatives, defendants R. Muina #41776 ("Def. Muina") and Sgt. Pastor #28581 ("Sgt. Pastor")

4

arrived at the location of 1317 N.W. 2nd Avenue, Apt. 4, Miami, Florida, 33136, the resident of said acquaintance (Robert Thomas), and immediately approached the Plaintiff in a "*hurried*" fashioned that alarmed plaintiff, who had previously been shot and feared a "harmful encounter" with said police officers due to all of the unjustifiable police related deaths of African Americans' People of Color, both male and female.

8. Plaintiff's impulse caused him to react, by running away from what he perceived as a possible assault against him and the others by the defendants, into the residence of his friend, Mr. Thomas, whom he was visiting.

9. Plaintiff was pursued and ordered by defendants, Officer Muina and Sgt. Pastor, *at gunpoint,* to exit the residence, for which Plaintiff, under duress, complied.

10. Defendants Muina and Pastor entered the residence, allegedly with Mr. Thomas' approval, and *allegedly* retrieved a firearm from within the residence for which the defendants, Muina and Pastor, caused plaintiff to be arrested and charged with (1) possessing a firearm/ammunition by a convicted felon, in violation of Fla. Stat. 790.23(1), and (2) carrying a concealed firearm, [by a convicted] in violation of Fla. Stat. 790.01(2).  Never were drugs, *the alleged basis and/or probable cause for the defendants' presence and pursuit of the plaintiff,* mentioned or pursued in

5

this case, negating the alleged BOLO alert and/or probable cause theory (**See Exhibit A at 1**) (copy of alleged [Probable Cause] Complaint/Arrest Affidavit).

11. Plaintiff was taken into custody, on October 19, 2016, and bail was set at $5,000 on each of the two charged offenses, for a total of $10,000 bail. (**See Exhibit A**) (copy of Certified Complaint/Arrest Affidavit).

12. Plaintiff, hours later, posted a surety bond of ten percent (or $1,000 cash) and was released pending trial. (**See Exhibit A at page 3 of 3**).

13. Plaintiff, at the time of his arrest and imprisonment was, then, currently serving an unrelated period of Probation for the State of Georgia, which resulted into the plaintiff being *rearrested* on March 23, 2017, by agents of defendants Perez and Gimenez.  Subsequently, plaintiff's bail had been revoked, *as a consequence of said alleged [violation of] Probation*, which resulted *solely* from the arrest by the defendants in the case *sub judice*, and not for any other reason than said arrest.

14. Plaintiff was then placed, *again*, into the unlawful custody of the Defendants and held "*without bail*" for the *alleged* violation of Probation and *alleged* firearms offenses, charged in this case, pending trial.

15. Plaintiff remained incarcerated under the defendants' care and control

until December 6, 2018 (*approximately 21 months*) after which a jury, and the judge, **acquitted plaintiff of all charges** contained in the charging instrument. (**See Exhibit B**) (copy of Order acquitting plaintiff).

16. Defendants, even after the jury and judge found plaintiff *not guilty* of the charged offenses, detained the Plaintiff based upon a "*Fugitive Warrant*" issued from the State of Georgia as a direct result of the Defendants' unlawful arrest and imprisonment of the Plaintiff. (**See Exhibit C**) (copy of warrant to extradite Plaintiff to Georgia).

17. Plaintiff, in addition to his, then, proven *innocence* by judge and jury, was compelled to be extradited, in handcuffs and shackles, out-of-state to face another trial for conduct the jury had, thus, found he did not commit; and Plaintiff endured yet another and additional injury, based on the false arrest and imprisonment of an innocent person, Plaintiff, by being subjected to further incarceration/imprisonment.

18. After being, additionally, unlawfully extradited and further found not to have committed the alleged violations of the conditions of his probation, Plaintiff was finally, *after almost two (2) years of false imprisonment*, released from his unconstitutional deprivation of his liberty (freedom) or bodily restraints.

19. Defendants' conduct, at all times relevant to this matter, deprived plaintiff

7

of basic, fundamental, civil, statutory, and constitutional rights, privileges, and/or immunities secured by both the Florida and United States Constitutions, Art. 1, §§ 9, 12 and the Fourth, Fifth and Fourteenth Amendments, respectively, but not limited thereto.

20. Plaintiff, at all times relevant to this matter, was unlawfully placed in the custody, control, and care of the Defendants, all of whom have been proven, by a court of law, to have violated Plaintiff's rights to be free from unreasonable searches, seizures, and deprivation of freedoms resulting from unlawful, unjustifiable, unreasonable, and unconstitutional arrests and imprisonments, as well as the defamation of the Plaintiff's character.

## CLAIMS
## FIRST CAUSE OF ACTION

21. The Cause of Action, here, is predicated on the basis that the judge and jury determined that the actions of the Defendants in arresting the Plaintiff was [unconstitutional] and that the Plaintiff was *not guilty* of the charges brought against him by the Defendants. Defendant lacked "*arguable probable cause*" to arrest the plaintiff where plaintiff never possessed a firearm and the defendants planted the firearm or otherwise discovered, during the search of another's residence, another's

firearm and simply claimed that the firearm was plaintiff's in order to falsely arrest him. This was shown by the jury's not guilty verdict.

The jury rejected the Defendants' statements regarding the plaintiff *allegedly placing the firearm under the pillow of the sofa/couch* by finding him not guilty. The actions of the defendant, R. Muina #41776, as stated in paragraphs 7-20 of this complaint, denied and/or deprived plaintiff of his rights to be free from unreasonable restraints on his freedom, and from unreasonable searches and seizures of his person, in violation of the laws of the State of Florida, supra, and the United States Constitution, supra. The defendant knew, or should have known, that his actions were a violation of plaintiff's rights under the Florida and Federal Constitutions against the unreasonable and unlawful arrest, searches, and seizure of the Plaintiff's person when he arrested, or caused the arrest of the, plaintiff without sufficient "arguable probable cause." Defendant did not *personally witness* Plaintiff commit any criminal act(s) and narrated the Complaint/Arrest Affidavit without sufficient "arguable probable cause" or basis in law just as though he witnessed a crime. Then, after doing so, plaintiff, without having sufficient "arguable probable cause" to be arrested by defendant, was found NOT GUILTY by a jury; and the judge *dismissed* the additional charge, which, without conviction of the first charge, could not be sustained as a matter of law. Plaintiff's right to be free from illegal, unlawful arrest and imprisonment was violated by the actions of the defendant resulting into

9

irreparable injury to the Plaintiff.   As such, Plaintiff's unlawful seizure was tantamount to being *kidnapped* under the actual and perceived threat of harm *at gunpoint*.

## SECOND CAUSE OF ACTION

22.   The Cause of Action, here, is predicated on the basis that the judge and jury determined that the actions of the Defendants in arresting the Plaintiff was [unconstitutional] and that the Plaintiff was *not guilty* of the charges brought against him by the Defendants.   Defendant lacked *"arguable probable cause"* to arrest the plaintiff where plaintiff never possessed a firearm and the defendants planted the firearm or otherwise discovered, during the search of another's residence, another's firearm and simply claimed that the firearm was plaintiff's in order to falsely arrest him.   This was shown by the jury's not guilty verdict.

The actions of the Defendant, Sgt. Pastor #28581, as stated in paragraphs 7-20 of this complaint, denied and/or deprived plaintiff of his rights to be free from unreasonable restraints on his freedom, and from unreasonable searches and seizures of his person, in violation of the laws of the State of Florida, supra, and the United States Constitution, supra. The jury *rejected* the Defendants' statements regarding the plaintiff allegedly placing the firearm under the pillow of the sofa/couch by finding him not guilty, and his alleged "[arguable] probable cause" to arrest the

plaintiff. The Defendant knew, or should have known, that his actions were a violation of plaintiff's rights under the Florida and Federal Constitutions against the unreasonable and unlawful arrest, searches, and seizure of the Plaintiff's person when he arrested, or caused the arrest of, the plaintiff without sufficient "arguable probable cause." Defendant's claim, *as stated by Defendant Muina*, that the Defendant "Sgt. Pastor followed the [plaintiff], stood by the door and observed the [plaintiff] place a firearm under a cushion of the couch inside the apartment*"* was *rejected by the jury,* which found the plaintiff was NOT GUILTY, clearly rejecting the *narration and/or testimony of both defendants*, Muina and Sgt. Pastor; and the judge *dismissed* the additional charge, which, without conviction of the first charge, could not be sustained as a matter of law. Plaintiff's right to be free from the illegal and unlawful arrest and imprisonment was violated by the actions of the defendant resulting into irreparable injury of the Plaintiff. As such, Plaintiff's unlawful seizure was tantamount to being *kidnapped* under the actual and perceived threat of harm *at gunpoint.*

## THIRD CAUSE OF ACTION

23. The Cause of Action, here, is predicated on the basis that the judge

11

and jury determined that the actions of the Defendants in arresting the Plaintiff was [unconstitutional] and that the Plaintiff was *not guilty* of the charges brought against him by the Defendants.

The actions and/or the inactions of the Defendant, Juan J. Perez, at all times relevant to this matter, were either the direct or indirect cause of plaintiff's unlawful harm, arrest, humiliation, kidnapping, searches and seizure of his person. Defendant Perez *breached his duty* as the Director/Chief of Police due to, inter alia, his *lack of performance in training* his agents and/or retraining them, and for violating his *supervisory duties*, leading to Plaintiff's unlawful arrest and imprisonment. Defendant Perez's knowledge of the history of abuses or false arrests made by his agents and settled, prior to trial, in terms of his agents' unlawful acts consisting of, inter alia, BOLO alerts in stopping of pedestrians and/or citizens, either walking, sitting, and/or driving vehicles for the sole purpose of *attempting to discover evidence* of a crime, while taking *no corrective actions*, makes the defendant liable for the acts of his agents. *Sanders v. English*, infra. Defendant Perez knew, or should have known, from past culpable conduct of his subordinates, of the need to prevent a recurrence of such misconduct by better training his agents in the area of investigating *allegations* of crimes, or BOLO alerts for suspects, and the restraint on the freedoms of the people from but failed to do so, resulting into Plaintiff's irreparable injury and unlawful imprisonment for nearly two (2) years which resulted

into, inter alia, emotional and psychological distress, anxiety, and the traumatization associated with being detained among those actually guilty of hideous crimes, and living with the unknown reality of what his future held for crimes he never committed, as well as the loss of finances and monetary opportunities and assets, as well as Plaintiff's medical deprivations while under the care of defendants. Defendant owed plaintiff a duty to protect him from unlawful deprivations caused expressly by his agents, but the Defendant failed to do so and is, thus, liable as he had "notice" of these types of violations and failed to act upon them.

## FOURTH CAUSE OF ACTION

24.  The Cause of Action, here, is predicated on the basis that the judge and jury determined that the actions of the Defendants in arresting the Plaintiff was [unconstitutional] and that the Plaintiff was *not guilty* of the charges brought against him by the Defendants.

The actions and/or inactions of the Defendant, Carlos A. Gimenez, at all times relevant to this matter, were either the direct or indirect cause of plaintiff's unlawful harm, arrest, humiliation, kidnapping, searches and seizure of his person. Defendant Gimenez's lack of causing or overseeing the training of his agent/appointee, Defendant Perez, and his agents, or retraining them lead to Plaintiff's unlawful arrest and imprisonment. Defendant Gimenez *breached his duty*

as Mayor to control his agents' *propensity to violate the rights* of citizens when he knew or should have known of the history of abuses and/or false arrests made by them, in terms of his agents' unlawful acts of stopping pedestrians and/or citizens, either walking and/or driving vehicles, for the sole purpose of *attempting to discover evidence* of a crime, while taking *no corrective actions*, making the defendant liable for the acts of his agents. *Sanders v. English*, infra. Defendant Gimenez knew, or should have known, of the need to cause his appointee, Defendant Perez, to better train or retrain his agents in the area of investigating *allegations* of crimes, or BOLO suspects, and the restraint on the freedoms of the people from past culpable conduct but *failed to do so*, resulting into Plaintiff's irreparable injury and unlawful imprisonment for nearly two (2) years resulting into, inter alia, emotional and psychological distress, anxiety, and traumatization associated with being detained among those actually guilty of hideous crimes, and living with the unknown reality of what his future held for crimes he never committed, including plaintiff's deprivation of medical needs while under the care and control of the defendants, as well as the loss of finances and monetary opportunities and assets. Defendant *owed plaintiff a duty* to protect him from unlawful deprivations by his agents but *failed to do so*.

# MEMORANDUM OF LAW
## IN SUPPORT OF CIVIL RIGHTS COMPLAINT

## ARGUMENTS AND CITATIONS OF AUTHORITY:

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6) or (c). See *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11ᵗʰ Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of the Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11ᵗʰ Cir. 1985).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for

failure to state claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

## DEFENDANTS OFFICER MUINA AND SGT. PASTOR

Accepting as true, as it must, the factual allegations asserted against these two defendants, in paragraphs 7-20 above, plaintiff contends that his rights, as secured by the Constitutions, were violated when the defendants, who knew or should have known, that no arguable probable cause or reasonable suspicion existed to *arrest* plaintiff and to search and seize his person. The Complaint/Arrest Affidavit, itself, makes clear that Officer Muina *narrated* the affidavit based on hearsay evidence of what *might* have taken place as said defendant, Muina, swore to the facts of the case allegedly witnessed by Sgt. Pastor, who was the police officer "actually making the alleged observation" of the alleged crime regarding the "firearm being placed in the cushion of the couch in the apartment." (**See Exhibit A at 1-2**). Defendant Muina never actually "saw" plaintiff with or place a firearm anywhere, but swore to the alleged facts of the Probable Cause Affidavit leading to plaintiff's arrest and imprisonment for almost two years.

Here, the defendants, acting on *pure speculation and/or a hunch* that the plaintiff was involved in some form of narcotics criminal conduct, based on a 'Be On [the] Look Out' "(BOLO)" dispatch via police radio communications—which

alerted officers that "multiple subjects [were] selling narcotics [and] BOLO of subject by the name of "Rodney" wearing white shirt and blue shorts was issued"—approached plaintiff in a "hurried" fashion causing plaintiff's concern for his safety, whereas the plaintiff stood up and began walking towards the residence of his friend's whom he was visiting.

After entering said residence, for approximately ten (10) seconds, plaintiff heard a loud yelling voice directing him to raise his hands above his head and the door being knocked open by another person wearing a police uniform, Defendant Muina, who was also pointing his gun at plaintiff. Plaintiff was ordered, *at gunpoint*, to exit the residence, to which he complied. Plaintiff, upon inquiry as to "why [he] ran," which was exaggerated but was simply walking at a faster than average slow walk, responded that he "had been shot before and was afraid of [potential gunplay] given the recent News Reports of Police Shootings of Black Men."

Subsequently, Defendant Muina claimed to have found a firearm inside of the residence where Plaintiff was removed from, and, as such, Defendant Muina and Defendant Sgt. Pastor contended that the Plaintiff had placed the firearm on the inside of the residence. Almost *two years* later, while Plaintiff sat in a jail cell suffering from the acts of the defendants, a jury determined—based on the testimony of Defendants Muina and Sgt. Pastor—that there was [*not sufficient evidence* to

arrest and certainly not to convict the Plaintiff] for the alleged firearms related offenses.

This police conduct, in spite of then and now existing well-settled law—that a police officer cannot, based upon a *bare* suspicion of criminal conduct or a *hunch*, stop a person and frisk him/her in search of evidence of a crime and then justify the stop by evidence later discovered—makes these police officers liable for their acts. See *Terry v. Ohio*, 392 U.S. 1 (1968).

Because here, the plaintiff was allegedly—assuming there was a BOLO dispatch—one of "multiple subjects [allegedly] selling narcotics," there was no probable cause, based on the BOLO, to restrain the movements of the plaintiff for questioning and/or any other reason being plaintiff was in a place where he had every right to be, and there was no "evidence" he had committed a crime.

Plaintiff had no duty to remain seated when the officers arrived nor after the officer allegedly identified himself as a police officer. Plaintiff, as a matter of law, was free to walk away without answering any questions. In *Immigration and Naturalization Service v. Delgado*, 466 U.S. 210 (1984) the Supreme Court made abundantly clear that a person did *not* have to answer any questions from a police officer and was free to walk away. Plaintiff's walking away from the officers, in

this case, was his right already established by the Supreme Court of the United States.

The Supreme Court, in *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987), made clear that in order to overcome a claim of "qualified immunity," a civil rights plaintiff must show that the right that was allegedly violated was clearly established at the time of the defendant's conduct.

> "[Q]ualified immunity [is] defeated if an official knew or should have known that the action he took within the sphere of official responsibility would violate the rights of the [plaintiff], or if he took the [his] action with the malicious intention to cause a deprivation of constitutional rights or other injury... ."

*Wood v. Strickland*, 420 U.S. 308, 322, 43 L. Ed 2d 214, 95 S. Ct. 992 (1975). Making false reports, by anyone including police officers in order to perpetuate an arrest, has always been against the laws of the United States (18 U.S.C. Section 1001 and Perjury, Fla. Stat. 837).

Miami-Dade County Police Officers have repeatedly been sued for their relentless "false arrests" made against its citizens and whoever entered their jurisdiction and caught in the conspiracy web as was the Plaintiff. The defendants, Chief of Police (Perez) and Mayor (Gimenez), knew of the widespread history of false arrests being perpetrated on the people, but failed to take any corrective actions

to prevent a recurrence.  Defendant Perez has previously acknowledged the false arrests and distrust from the community, in another false arrest suit, and claimed to have implemented measures to correct the mistrust and false arrest crisis, but nothing has prevented the same from reoccurring. See (1) *Dyma Lovings v. Miami-Dade County, Miami-Dade County Police Department*; (2) *Susan Khoury v. Miami-Dade County Police Department*; (3) *Mario Javier Cordoba v. City of Miami* (1:16-cv-24691) (multiple false arrest lawsuits filed); (4) *Megan Adamescu v. City of Miami and Phillipe Archer,* 1:17cv-20034-KMW (multiple false arrest lawsuits filed); (5) *Ahmed v. Miami Dade County [Police Dept.], et al,* Appeal No. 3D-07-363 (False Arrest); (6) *Taiwan Smart v. Miami Dade County Police Dept.,* (false arrest settlement $850,000); and (7) *Tyler Weinman v. Miami Dade County Police Dept.,* (False Arrest) (accused serial cat killer), to name a few false arrest claims settled by the Defendants, Miami Police Dept, et al.

The Due Process Clause of the Florida Constitution, Art. 1, § 9, outlines the protections provided to the citizens of the State of Florida, and/or visitors thereof, by asserting that: "No person shall be deprived of life, liberty, or property without due process of law." Due process has been defined, among other things, as fairness and "the principle that an individual cannot be deprived of … liberty …without appropriate legal procedures and safeguards." It includes the *"arbitrary denial of liberty,"* as was done to the plaintiff by these defendants. Moreover, the due process

clause provides that the plaintiff, here, had every right to ask the arresting officer the reason for the traffic stop, without being subjected to a false arrest as a result thereof.

The Sixth Amendment, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, see *In re Oliver*, 333 U.S. 257, 273-74 (1948), guarantees a criminal defendant a fundamental right to be clearly informed of the nature and cause of charges against him. See also, *Kulko v. Superior Court*, 436 U.S. 84 (1978) (defining due process with only one word, "fairness").

### DEFENDANTS PEREZ and GIMENEZ:

Defendant Scott Israel is being sued in his individual and official capacities as Director/Chief of Police and Mayor, respectively, in that the defendants knew, or should have known of the unlawful tactics of the defendant officers in violating the rights of the People and failing to take any corrective actions or to retrain the defendants when scores of lawsuits, for false arrest, has clearly placed the defendant on proper notice of the violations of citizens' rights by his agents.

The defendants have previously been in these shoes regarding the *unlawful arrest by their agents*, but have, obviously, failed to rectify the wrongdoings by turning a blind eye. This is demonstrated by the lawsuits filed against them above, among others. Yet, defendants have a *de facto* policy of covering up police misconduct by failing to properly investigate officers alleged misconduct. The acts

21

of the defendants create, tolerates, and causes a pattern of misconduct by their agents, as shown in the instant case with the plaintiff's unlawful arrest and subsequent acquittal by the judge and jury after almost two years of wrongful imprisonment. The defendants, despite the numerous lawsuits filed against them as a result of their agents' unlawful arrests, refuses to retrain them, or to discipline them for their wrongs, which certainly does encourage these continuous civil and/or constitutional violations of rights.

The language of §1983 requires a degree of causation as an element of individual liability, but it does not specifically require "personal participation." Personal participation is only one of several theories which can be used to established causation. Whether the complaint adequately alleges the requisite causal connection between the supervisory defendants' actions and a deprivation of the plaintiff's constitutional rights is the proper question. See *Anderson v. Nosser*, 456 F. 2d 835 (5th Cir.), cert. denied, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed. 2d 89 (1972).

Another theory which includes the requisite causation is that a supervisory defendant is subject to §1983 liability when he breaches a duty imposed by state or local law, and this *breach* causes plaintiff's constitutional injury. See generally, *Roberts v. Williams*, 456 F. 2d 819 (5th Cir.), cert. denied, 404 U.S. 866, 92 S.Ct. 83, 30 L. Ed 2d 110 (1971); see also, *Beverly v. Morris*, 470 F. 2d 1356 (5th Cir. 1972); and *Chestnut v. City of Quincy*, 513 F. 2d 91 (5th Cir. 1975), where the Court held

the *Police Chief responsible for the conduct of his subordinates where he had notice of the past incidents and failed, as here, to prevent a reoccurrence.* Finding the misconduct properly states a claim against the [Sheriff] under §1983. Needless to say, the law is clear that "false arrest," "illegal detention," "false imprisonment," and "malicious prosecution," are all recognized as causes of action under §1983. See, for example, *Sanders v. English*, 950 F. 2d 1152 (5th Cir. 1992). On these bases, the plaintiff contends that he was the victim of a false arrest/imprisonment, illegal detention, or a kidnapping, all causing harm, humiliation, embarrassment, loss of finances, and further damage to his reputation that, itself, was/is unlawful.

## **REQUESTED RELIEF**

1.  **DECLARATORY JUDGMENT** that the actions and/or inactions of each defendant, as described above, violated plaintiff's rights to be free from unlawful deprivation of his liberty/freedom, false arrest, false imprisonment, by being arrested by defendants; causing him the loss of finances, in addition to the hardship imposed upon him.

2.  **COMPENSATORY DAMAGES** in the following amounts:

    (a) $25,000,000.00 against Defendant Officer Muina for pain and suffering, intentional infliction of emotional and psychological distress, financial loss, malicious prosecution, defamation of character, false arrest, breach of duty, and false imprisonment.

23

(b) $25,000,000.00 against Defendant Sgt. Pastor for pain and suffering, intentional infliction of emotional and psychological distress, financial loss, malicious prosecution, defamation of character, false arrest, breach of duty, and false imprisonment.

(c) $25,000,000.00 against Defendant Director/Chief of Police Juan J. Perez for pain and suffering, intentional infliction of emotional and psychological distress, financial loss, malicious prosecution, defamation of character, breach of duty, failure to supervise and/or train properly, false arrest, and false imprisonment.

(d) $25,000,000.00 against Defendant Mayor Carlos A. Gimenez for pain and suffering, intentional infliction of emotional and psychological distress, financial loss, malicious prosecution, defamation of character, breach of duty, failure to supervise and/or train properly, false arrest, and false imprisonment.

3. **PUNITIVE DAMAGES** in the following amounts:

(a) Not less than $15,000,000 as to each defendant.

4. Any further and other relief to which the plaintiff is or may be entitled.

Respectfully submitted,

Rodney Keaton
1311 NW 2nd Avenue, Apt. 5
Miami, Florida, 33136

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Complaint was serve upon

the Clerk of the Court, for each named Defendant, as well as the original copy for

the Court on this 7 day of 9____, 20 19.

Rodney Keaton

*Pro se*

SUBSCRIBED AND SWORN BEFORE

ME, A NOTARY PUBLIC, ON THIS

___7___ DAY OF 9___ 20 19

NOTARY PUBLIC IN AND FOR

THE STATE OF FLORIDA

My Commission Expires On:

February 3, 2023

Notary Public



SHANEEKA CHEEKS
MY COMMISSION # GG 297654
EXPIRES: February 3, 2023
Bonded Thru Notary Public Underwriters

25

# Appendix

# Exhibit  A

1100131208

## COMPLAINT/ARREST AFFIDAVIT

| CBTS NUMBER | ARMED FORCES | EWC | | POLICE CASE NO. | | |
|---|---|---|---|---|---|---|
| 1306232066 | NO | | | 161018320667 | | |

| SPECIAL OPERATION: | [X] FELONY [ ] MISD [ ] TRAFFIC [ ] JUV [ ] DV [ ] MOVES In State [ ] CIV INF Out State | JAIL NO. 160165947 | PMHD NO | COURT CASE NO. F16021274 |
|---|---|---|---|---|
| | [ ] WARRANT   FUGITIVE WARRANT. | | | |

| IDS NO 0043639 | AGENCY CODE 001 | MUNICIPAL P.D. DEF. ID NO. | MDPD RECORDS AND ID NO. 0238298 | STUDENT ID NO. | GANG RELATED NO | FRAUD RELATED NO |
|---|---|---|---|---|---|---|

| DEFENDANT'S NAME (LAST, FIRST, MIDDLE) KEATON, RODNEY | ALIAS and / or STREET NAME | SIGNAL. |
|---|---|---|

| DOB (MM/DD/YYY) 05/15/1960 | AGE 56 | RACE B | SEX M | HISPANIC ETHNICITY: NO AFR. | HEIGHT 5'11 | WEIGHT 200 | HAIR COLOR BLK | HAIR LENGTH SHT | HAIR STYLE AFR | EYES BRO | GLASSES NO | FACIAL HAIR MUS | TEETH NOR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| SCARS, TATTOOS, UNIQUE PHYSICAL FEATURES (Location, Type, Description) SCAR: SCAR ABDOMEN,LOWER RIGHT | PLACE OF BIRTH (City, State/Country) FL US |
|---|---|

| LOCAL ADDRESS | PHONE | CITIZENSHIP US |
|---|---|---|

| PERMANENT ADDRESS (Street, Apt. Number) 1317 NW 2ND AVE # 5 | (City) MIAMI | (State) FL | (Country) US | (Zip) 33136 | PHONE | OCCUPATION LABORER |
|---|---|---|---|---|---|---|

| SCHOOL OR BUSINESS ADDRESS (Street, Apt. Number) | (City) | (State) | (Country) | (Zip) | PHONE | ADDRESS SOURCE VERBAL |
|---|---|---|---|---|---|---|

| DRIVER'S LICENSE NUMBER/STATE FL-K350720601750 | SOCIAL SECURITY NO. XXX-XX-XXXX | WEAPON SEIZED YES: HANDGUN | Defendant/CONCEALED WEAPON PERMIT NONE | INDICATION OF: Alcohol Influence: N Drug Influence: N |
|---|---|---|---|---|

| ARREST DATE 10/19/2016 | ARREST TIME 00:39 | ARREST LOCATION 1317 NW 2ND AVE #4 MIAMI, FL 33136 | GRID 1257 |
|---|---|---|---|

| CO-DEFENDANT NAME | DOB | [ ] IN CUSTODY [ ] AT LARGE | [ ] FELONY [ ] DV | [ ] JUVENILE [ ] MISDEMEANOR |
|---|---|---|---|---|
| CO-DEFENDANT NAME | DOB | [ ] IN CUSTODY [ ] AT LARGE | [ ] FELONY [ ] DV | [ ] JUVENILE [ ] MISDEMEANOR |
| CO-DEFENDANT NAME | DOB | [ ] IN CUSTODY [ ] AT LARGE | [ ] FELONY [ ] DV | [ ] JUVENILE [ ] MISDEMEANOR |

| JUV only | Relation | Name | Street | Zip | Phone | Contacted? |
|---|---|---|---|---|---|---|

| CHARGES | CHARGE AS | CNTS | FL STATUTE NUMBER | VIOL OF SECT. | CODE OF | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 1. F/3-FA/WEAPON/AMMUN/POSN/CONVTD FEL/DELINQUENT/ ATTEMPT | F.S. | 1 | 790.23(1) | | | | N | |
| 2. F/3-CONCEALED FIREARM/CARRYING | F.S. | 1 | 790.01(2) | | | 00245200 | N | |
| 3. | | | | | | | | |
| 4. | | | | | | | | |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law:

On the 18 day of OCTOBER, 2016, at 23:56 at 1317 NW 2ND AVE #4, MIAMI, FL 33136

I WAS DISPATCHED TO THE ABOVE LOCATION IN REFERENCE TO MULTIPLE SUBJECTS SELLING NARCOTICS. BOLO OF SUBJECT BY THE NAME OF "RODNEY" WEARING WHITE SHIRT AND BLUE SHORTS WAS ISSUED. UPON ARRIVAL, SERGEANT PASTOR #28581 OBSERVED THE DEF. MATCHING THE BOLO SITTING ON A WHITE BUCKET OUTSIDE THE LOCATION. WHEN SGT. PASTOR IDENTIFIED HIMSELF AS A POLICE OFFICER THE DEF. STOOD UP GRABBING HIS WAIST BAND AND RAN INSIDE APT# 4. SGT. PASTOR FOLLOWED THE DEF, STOOD BY THE DOOR AND OBSERVED THE DEF. PLACE A FIREARM UNDER A CUSHION ON THE COUCH IN SIDE THE APT. THE DEF WAS ORDERED OUTSIDE THE APARTMENT AT GUNPOINT. SGT PASTOR OBTAINED CONSENT FROM MR. ROBERT THOMAS 8/7/57 TO GO IN HIS APARTMENT AND RETRIEVE THE FIREARM. A ROCK ISLAND ARMORY 380 SPECIAL REVOLVER SERIAL #... [Continued on Next Page]

| HOLD FOR OTHER AGENCY VERIFIED BY | [ ] HOLD FOR BOND HEARING: DO NOT BOND OUT (Officer Must Appear at Bond Hearing) | [ ] I understand that should I willfully fail to appear before the court as required by law (give "notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that police concerning the time, date and place of all court hearings should be sent to the address stated by me in this complaint or by me in writing. |
|---|---|---|
| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT | SWORN TO AND SUBSCRIBED BEFORE ME, THIS NUMBERS/SIGNED UNDER AUTHORITY THIS 19 DAY OF OCTOBER, 2016 | |
| HUINA, R. Court ID: 001-41776 MPD | MENDEZ, J. Court ID: 001-04709 MPD | SIGNATURE |

1100131208

| OBTS NUMBER | | | |
|---|---|---|---|
| 1306232066 | **COMPLAINT/ARREST AFFIDAVIT CONTINUATION** | POLICE CASE NO. 161018320667 | |

| JAIL NO. | COURT CASE NO. |
|---|---|
| 160165947 | F16021274 |

| SPECIAL OPERATION: | [X] FELONY [ ] MISD [ ] TRAFFIC [ ] JUV [ ] DV [ ] MOVES In State [ ] CIV INF Out State | JAIL NO. 160165947 | PMHD NO | COURT CASE NO. F16021274 |
|---|---|---|---|---|
| [ ] WARRANT | FUGITIVE WARRANT: | | | |

| DEFENDANT'S NAME (LAST, FIRST, MIDDLE) | DOB (MM/DD/YYYY) |
|---|---|
| KEATON, RODNEY | 05/15/1960 |

| CO-DEFENDANT NAME | DOB | [ ] IN CUSTODY [ ] AT LARGE | [ ] FELCNY [ ] DV | [ ] JUVENILE [ ] MISDEMEANOR |
|---|---|---|---|---|

| CO-DEFENDANT NAME | DOB | [ ] IN CUSTODY [ ] AT LARGE | [ ] FELCNY [ ] DV | [ ] JUVENILE [ ] MISDEMEANOR |
|---|---|---|---|---|

| CHARGES | CHARGE AS: | CNTS | FL STATUTE NUMBER | VIOL OF SECT | CODE OF | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 5. | | | | | | | | |
| 6. | | | | | | | | |
| 7. | | | | | | | | |
| 8. | | | | | | | | |

RIA1743076 LOADED WITH 6 LIVE ROUNDS WAS RECOVERED BY OFC. MUINA #41776 FOR EVIDENCE. RECORDS CHECK REVEALED THE DEFENDANT HAD THREE FELONY CONVICTIONS AND NO CONCEALED WEAPONS PERMIT. POST MIRANDA PER CARD BY OFC. HIGHTOWER AND WITNESSED BY SGT PASTOR, DEF STATED THAT HE RAN BECAUSE HE HAD BEEN SHOT BEFORE. DEFENDANT ARRESTED.

PREVIOUS FELONY CHARGE: COCAINE POSSESSION

FIREARM PROCESSED FOR PRINTS BY ID

HOMICIDE CONTACTED- 5532

PPC:

DATE:10/26/2016
TIME: 07:00 AM
ATTORNEY: WESSEL

THIS IS A TRUE COPY OF AN ORIGINAL DOCUMENT
ON FILE WITH THE MIAMI-DADE POLICE DEPARTMENT
MIAMI, FLORIDA 33172

SIGNATURE                    DATE

| HOLD FOR OTHER AGENCY VERIFIED BY | [ ] HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing) | [ ] I understand that should I fail to appear before the court as required in this cause to answer said... |
|---|---|---|
| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT | SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS 19 DAY OF OCTOBER, 2016 | [ ] You need not appear in court, but must comply with instructions on the citation you received. |
| MUINA, R: Court ID: 001-41776 | MENDEZ, J: Court ID: 001-04709 | BUREAU DADE COUNTY |

2016\1110833

# MIAMI-DADE COUNTY
## CORRECTIONS AND REHABILITATION DEPARTMENT

### JAIL BOOKING RECORD

IDS: 0043639  CIN: 0238298

160165947  0160142976
RODNEY KEATON

| JAIL NUMBER | DEFENDANT NAME | | RACE | SEX | DATE OF BIRTH |
|---|---|---|---|---|---|
| 160165947 | KEATON, RODNEY | | B | M | 05/15/58 |

| ADDRESS | | HEIGHT | WEIGHT | HAIR | EYES | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|
| 1317 NW 2ND AVE | | 5 | 511 | 200 | BLK | BRO |

| CITY AND STATE | RESIDENCE | TOR | TU | BOOKED DATE | CELL LOCATION |
|---|---|---|---|---|---|
| MIAMI    FL | DADE | 20:39 | 8443 | 10/19/16 | |

| COURT CASE NUMBER | PRINT | ARREST LOCATION |
|---|---|---|
| F16-021274 | Y | 1317 NW 2ND AVE, MIAMI, FL 33126 |

RIGHT THUMB PRINT

| DATE | SEC. | INPUT NUMBER | CHARGE DESCRIPTION / PENALTIES | NO. | CASE / WARR. NUMBER | BOND AMOUNT |
|---|---|---|---|---|---|---|
| 10/19/16 | 17002081 | | FQ/WEAPON/AMMU/ILLEGAL CONVTD FEL /CTL FIRE | F16-021274 | | 5000 |
| | 17002082 | | CONCEAL3D FIREARM/CONCVTD | | | 5000 |

DISPOSITIONS

**Case Review Satisfaction Stamp**

Date OCT 19 2016  BCIC/NC IC checked

| Case #: | Charge #: | Satisfaction |
|---|---|---|
| 1. F162474 | | SWORN |
| 2. F1621274 | 2 | SWORN |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |

Reviewing Officer: _____ Badge# 101168  Review Date:
Reviewing Officer: _____ Badge# _____ Review Date:
Reviewing Supervisor: _____ Badge#: 5501  Review Date:

**Release Check Off List**
Was original A-form available? YES
If yes, continue to check
Magistrate hold checked  NO
Domestic Violence hold checked  NO
Counts/charges checked

THIS IS A TRUE COPY OF AN ORIGINAL DOCUMENT

COMMENTS

SIGNATURE  DATE

DNA Required at Intake

| AKA'S | | R E L E A S E | BOND AMOUNT | BONDSMAN NAME | BONDSMAN # |
|---|---|---|---|---|---|
| | | INFO | 10000 | BOLDES UPTOWN  BAIL | 8951 |
| | | | 5000 | | |
| | | | 2016AB075316 | SO3 BONDING COMPANY | |
| | | | | 2016AA075317 | POWER NUMBER |
| | | | RELEASED BY | DATE OF RELEASE  OCT 19 2016 | TIME OF RELEASE  8:00 |

# Exhibit  B

```
DATE: 12/07/2018      CRIMINAL JUSTICE INFORMATION SYSTEM        CJSMRCDQ
TIME: 08:24                     CASE INQUIRY                  LINK:

CSE: F16021274    IDS: 0043639 CIN: 0238298 POL: 161018320667    JLN: 170132819
STATE CSE: 132016CF0212740001XX FILE LOC: 01 COURT           BOX#
DEFENDANT: KEATON                      RODNEY
    ADDRESS: 1317 NW 2ND AVE           MIAMI           FL  33136
        DOB: 05/15/1960 RACE: B   SEX: M   ARRST/CIT: 10/19/2016  ARR: 11/18/2016
EYES: BRO HEIGHT: 511 FILED: 10/19/2016 TRIAL:             PGM TYPE:        STAT:
HAIR: BLK WEIGHT: 200 INFO: 11/18/2016 CLSED: 12/06/2018 MISD\CON:
    JUDGE: MULTACK                   SPENCER           BOOKED: 03/22/2017
  SECTION: F006  COL: B  AMEND INFO DT:               SPEEDY EXP: 04/12/2017
 ATTORNEY: WURIE                      SAIDA      ATTY TYPE: PDEF JMP:
WARRANT:                    ISSUED:            ARR/CIT-OFCR: 001 -    41776
COURTROOM:       LOCATION:      FUTURE HEARING:           TYPE:  OTH HRG_N
ASSOCIATED CASE NUMBERS:                          TRAFFIC CASE:
    CHARGES          T D DESCRIPTION      DISPOSITION        DATE     PL TL
    790.01(2)        F 3 CONCEALED F/A /CARR ACQUITTED BY JURY  12/06/2018 NG J
    790.23(1)        F 3 FA/WEAP/POS/FEL/ATT ACQUITTED BY COURT 12/06/2018 NG J


PRINT: N    PRINTER:                           PF11 CUSQ        PFK:
 PF1 HELP PF2 EXIT PF3 PM PF4 REFRESH PF6 PRS INQ PF8 PF PF9 ++CHRGS PF10 BKGS
RCDQ-PM-5, END OF DATA.
```

# Exhibit  C

# OUT OF STATE    FUGITIVE WARRANT



1100373448

| DEB'S NUMBER | | **COMPLAINT/ARREST AFFIDAVIT** | POLICE CASE NO. PD170322109264 | |
|---|---|---|---|---|

| SPECIAL OPERATION | ☐ FELONY ☐ MISD ☐ TRAFFIC ☐ JUV ☐ DV ☐ MOVING ☐ ON THE | JAIL NO. 170312819 | PVHD UNK | COURT CASE NO. F17005649 |
|---|---|---|---|---|
| | ☒ WARRANT   FUGITIVE WARRANT: ☐ In State ☒ Out State | | | |

| JOB NO. | AGENCY CODE 030 | MUNICIPAL P.D. DEF. ID NO. | MDPD RECORDS AND ID NO. | STUDENT ID NO. | GANG RELATED NO | FRAUD RELATED NO |
|---|---|---|---|---|---|---|

| DEFENDANT'S NAME (LAST, FIRST, MIDDLE) KEATON, RODNEY JAMES | | ALIAS and / or STREET NAME | SIGNAL: |
|---|---|---|---|

| DOB (MM/DD/YYYY) 05/15/1960 | AGE 56 | RACE B | SEX M | HISPANIC ETHNICITY NO UNK | HEIGHT 5'10 | WEIGHT 160 | HAIR COLOR BLK | HAIR LENGTH SHT | HAIR STYLE FAD | EYES BRO | GLASSES NO | FACIAL HAIR CLN | TEETH NOR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| SCARS, TATTOOS, UNIQUE PHYSICAL FEATURES (Location, Type, Description) | PLACE OF BIRTH (City, State Country) FL US |
|---|---|

| LOCAL ADDRESS | PHONE | CITIZENSHIP US |
|---|---|---|

| PERMANENT ADDRESS (Street, Apt. Number) 1317 NW 2ND AVE | (City) MIAMI | (State) FL | (Country) US | (Zip) 33136 | PHONE | OCCUPATION UNK |
|---|---|---|---|---|---|---|

| SCHOOL OR BUSINESS ADDRESS (Street, Apt. Number) | (City) | (State) | (Country) (Zip) | PHONE | ADDRESS SOURCE VERBAL |
|---|---|---|---|---|---|

| DRIVER'S LICENSE NUMBER/STATE | SOCIAL SECURITY NO. 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 | WEAPON SEIZED NO | Defendant CONCEALED WEAPON PERMIT NONE | INDICATION OF: Alcohol Influence: U Drug Influence: U |
|---|---|---|---|---|

| ARREST DATE 03/22/2017 | ARREST TIME 15:45 | ARREST LOCATION 7900 NW 27TH AVE MIAMI, FL 33147 | GRID 0790 |
|---|---|---|---|

| CO-DEFENDANT NAME | DOB | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |
|---|---|---|---|---|
| CO-DEFENDANT NAME | DOB | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |
| CO-DEFENDANT NAME | DOB | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |

| JUV only | Relation | Name | Street | Zip | Phone | Contacted? |
|---|---|---|---|---|---|---|

| CHARGES | CHARGE AS: | CNTS | FL STATUTE NUMBER | VIOL OF SECT. | CODE OF | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 1. Z/0-FUGITIVE WARRANT-OUT OF STATE EXTRADITE | F.S. | | 941.13 | | | 95000065 | | FW17E00110 |
| 2. | | | | | | | | |
| 3. | | | | | | | | |
| 4. | | | | | | | | |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe  and does be ave that the above named Defendant committed the following violation of law:

On the 22 day of MARCH, 2017, at 15:45 at 7900 NW 27TH AVE. MIAMI FL 33147

FUGITIVE IS WANTED IN THE COUNTRY OF US
STATE OF GA COUNTY OF BOARD
BY REASON OF CRIMINAL WARRANT(S) DATED: 03/20/2017, TOTAL POND: NO BOND, WARRANT #/CASE#: 929136 FW17E00110
REF CHARGES / BOND AMT: PAROLE VIOL REF S/D COCAINE, NO BOND
VERIFIED BY: J. PADRON, *** DO NOT SUBPOENA OFFICERS ***

| HOLD FOR OTHER AGENCY VERIFIED BY | ☐ HOLD FOR BOND HEARING - DO NOT BOND OUT (Officer Must Appear at Bond Hearing) | ☐ ... |
|---|---|---|

| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT. | SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS 22 DAY OF MARCH 2017 | |
|---|---|---|
| GARCIA, A: Court ID: 030-07133 09052 | ESCOBAR, D: Court ID: 030-01557 76952 | |